44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Martin ARRIOLA, et al., Appellants.
 No. 91-3329, 91-3336, 92-3006, 94-3103.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 23, 1994.
 
 Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from the judgments of conviction in the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The District Court correctly found that the Government violated the Jencks Act, 18 U.S.C. Sec. 3500 (1988), when Drug Enforcement Administration ("DEA") Agent Burgos destroyed his handwritten notes of his post-arrest conversation with Appellant Salcedo-Mercado. However, the District Court appropriately remedied this violation by striking all testimony relating to Salcedo-Mercado's statement. While Appellant Salcedo-Mercado argues that the District Court should have stricken all of Agent Burgos's testimony, we hold that the District Court's remedial decision represented a permissible accommodation of "the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced a trial." United States v. Bryant, 439 F.2d 642, 653 (D.C.Cir.1971). The Government presented strong evidence of Salcedo-Mercado's guilt to the jury, and the record provides no indication that Agent Burgos acted in bad faith. See United States v. Rippy, 606 F.2d 1150, 1154 (D.C.Cir.1979) (per curiam) (finding no sanction for Jencks Act violation necessary due to strong evidence of guilt and absence of bad faith). We find no further remedial action necessary because the Government assured the Court at oral argument that the DEA has imposed procedures to ensure preservation of such notes, and that the destruction of the notes in this case was an aberration. Accordingly, it is
 
 
 3
 ORDERED and ADJUDGED, by the Court, that the judgments are affirmed.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.